206 N.J. Super. 398 (1986)
502 A.2d 1180
MARGARET CALCATERRA, PLAINTIFF-RESPONDENT,
v.
SALVATORE CALCATERRA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 17, 1985.
Decided January 9, 1986.
*400 Before Judges PRESSLER, DREIER and BILDER.
Daniel W. Pariser, attorney for appellant.
Joseph S. Conte, attorney for respondent.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
This is a post-judgment matrimonial action in which defendant, Salvatore Calcaterra, appeals from an order reducing his monthly alimony obligation but affording him less modification relief than he had sought. He also appeals from the court's subsequent denial of his motion for reconsideration.
The parties were married in 1958 and divorced by a judgment entered in 1981 which incorporated their property settlement agreement. Pursuant thereto, defendant undertook to pay plaintiff, Margaret Calcaterra, monthly alimony in the amount of $1,500 and apparently did so until she began to cohabit with another man. Insofar as we can determine from the record, defendant withheld the alimony payments when he learned of this relationship and ultimately filed a cross-motion seeking termination of his alimony obligation or, alternatively, *401 a reduction thereof based both on the cohabitation and on plaintiff's allegedly improved circumstances resulting from her employment. The cross-motion, filed in October 1983 in response to plaintiff's motion for arrearages, was dismissed without prejudice to the parties' rights to engage in discovery in respect of the financial issues raised by defendant. Indeed, the order prescribed a discovery schedule.[1] Thereafter, defendant filed a second motion seeking termination or reduction of alimony, and a plenary hearing was ordered both on the cohabitation question and on other alleged changed circumstances. The hearing was held on September 17, 1984, a letter opinion was *402 issued on October 15, 1984, and a conforming order was entered on November 24, 1984. Thus, over a year had elapsed between the date of the original application for relief and its final disposition.
With respect to the meritorious issues, the trial judge applied the principles of Gayet v. Gayet, 92 N.J. 149 (1983), and Lepis v. Lepis, 83 N.J. 139 (1980), to the facts as he found them. He concluded that plaintiff's rather modest earnings in the context of the respective financial situations of the parties did not justify a reduction of alimony on that ground. As to the Gayet issue, however, he concluded that plaintiff's cohabitant made a monthly cash contribution to the household in the amount of $500. Finding that $150 of this sum was used to defray the cohabitant's own living expenses, the judge ordered a reduction in the monthly alimony of $350. Both the letter opinion and implementing order provided that the modification was to be prospective only. In lieu of appealing directly from that provision of the order, defendant sought, by a motion promptly brought under R. 4:50-1, to effect its modification so that the relief would be retroactive. That motion was denied January 21, 1985, without consideration of the merits, on the ground that defendant's exclusive recourse was by way of appeal. On March 6, 1985 defendant appealed from the original order of November 24, 1984.
Plaintiff, although not having moved for dismissal of this appeal on jurisdictional grounds, nevertheless argues that the appeal is untimely. R. 2:4-1(a) requires an appeal from a final judgment to be filed within 45 days after its entry. A maximum 30-day extension of time is permitted by R. 2:4-4(a). Consequently, the time for filing a notice of appeal from the order entered on November 24, 1984 expired on February 7, 1985, a month before the filing date here. The March 6, 1985 date was, however, timely for the filing of a notice of appeal *403 from the January 21, 1985 order denying the motion for relief from judgment. In the interests of justice, we will regard the notice of appeal as amended nunc pro tunc to include an appeal from the January 21, 1985 order, and it is only the merits of that order which we will consider.
With respect to the motion for reconsideration, which we have thus concluded is the only matter properly before us, we are satisfied that the R. 4:50-1 technique was not available to defendant for the purpose of challenging either the amount of the Gayet reduction or the trial judge's conclusion that there were no changed circumstances other than the financial consequences of plaintiff's cohabitation warranting modification. These issues were fully tried, the parties were given fair opportunity to be heard thereon, and they were carefully and thoughtfully considered by the trial judge, who made explicit factual findings. Nor, as to these issues, was there any allegation suggesting a ground for relief encompassed by R. 4:50-1. In these circumstances, we are satisfied that defendant's sole recourse as to these issues was by appeal and that resort to R. 4:50-1, as a substitute for appeal, was not available.[2]See, e.g., Hodgson v. Applegate, 31 N.J. 29 (1959).
We are, however, satisfied that a motion pursuant to R. 4:50-1 was available in respect of the retroactivity problem. Insofar as we are able to determine from this record, the judge gave no explanation for this decision and the parties never had an opportunity to be heard by the trial court on this issue. Hence, that provision of the order was improvidently entered. It was, in our view, sensible, economical, and expeditious for *404 defendant to have sought an opportunity to be heard on the retroactivity question by motion addressed directly to the trial court. Certainly it was preferable to the immediate filing of a notice of appeal which inevitably triggers the expense and delay attendant upon the appellate process. We note that a motion to amend findings pursuant to R. 4:49-2 would have been the better procedure, but relief under R. 4:50-1(f), under these circumstances, was nevertheless not foreclosed.
As to the merits of the retroactivity issue, it is our conclusion that the judge erred. First, his findings respecting the Gayet reduction applied equally to the entire period of cohabitation during which the $500 sum was contributed by the cohabitant. The judge found that period to have been from January to April 1982 and from April 1983 to the present date. We see no rational basis for holding that the facts then obtaining justified the Gayet reduction but that the reduction would be prospective only. Moreover, defendant sought the relief a full year prior to the ultimate entry of the order. There is no reason that we can justify for withholding relief to which defendant demonstrated he was entitled simply because of the slow-grinding mill of the trial court process. We are, therefore, persuaded that the "prospective only" provision of the order must be set aside. Nevertheless, it is evident that the trial court in the first instance should, upon an opportunity of the parties to be heard, determine the extent of the retroactivity and the manner in which defendant will be credited with excess payments made by him in the past. We remand for that purpose, directing that the proceedings on the remand be scheduled and concluded as expeditiously as possible.
The order appealed from is affirmed in all respects except insofar as it stipulates its prospective operation. That provision of the order is vacated, and the matter is remanded for further proceedings consistent with this opinion.
NOTES
[1] Although neither party raises a question with respect thereto, we nevertheless question the trial court's procedure of dismissing the motion with a right to take discovery rather than simply deferring its disposition until the completion of discovery. We are aware that the dismissal without prejudice of the motion appears, for statistical purposes, to constitute a disposition. It is not, however, a disposition of the merits of the motion in any actual or functional sense, and we see no reason for the moving party to be burdened by having to file a new motion after discovery is completed. As we understand the procedure prescribed by Lepis v. Lepis, 83 N.J. 139, 157-159 (1980), a party seeking modification must first make a prima facie showing of changed circumstances in the moving papers. Once a prima facie showing is made, the court may order further discovery. After the completion of the discovery, the court must decide whether to hold a hearing. These are all steps of a single modification procedure initiated by the original motion. It is therefore conceptually anomalous for the initial motion to be dismissed when a prima facie showing is made which necessitates discovery which is, in fact, ordered. We see no justification for the practice here employed requiring an entirely unnecessary renewal of the motion in order to obtain final disposition of the merits of the original modification application. We therefore disapprove the practice.

We also point out that in its order dismissing defendant's cross-motion without prejudice, the court noted that "a separate motion which has as its purpose nothing more than response and resistance to another option is an inappropriate procedure resulting in unnecessary and costly duplication. Ample opportunity to reply and refute exists in the provision for answer to a motion. This procedure shall not be used in the future." The court's observation is correct insofar as the respondent's papers were defensive only. Where, however, as here, the respondent seeks affirmative relief of his own, he must proceed by motion. Where a respondent asserts both defensive claims and claims for affirmative relief, a single responding paper captioned "Answer and Cross-Motion" would be appropriate.
[2] Although these issues are not properly before us, we are nevertheless satisfied that even if we were to have addressed their merits, we would have deferred to the trial judge's findings and conclusions since they were adequately supported by the record and accorded with Gayet and Lepis principles.