248 N.J. Super. 33 (1991)
589 A.2d 1372
DENNIS THOMAS, PLAINTIFF,
v.
LYNETTE THOMAS (EINWECHTER), DEFENDANT.
Superior Court of New Jersey, Chancery Division.
January 31, 1991.
*34 Daniel D. Alsofrom for defendant (Ackerman & Alsofrom, attorneys).
Carol N. Goloff for plaintiff (April & Maudsley, attorneys).
SELTZER, P.J.F.P.
This motion requires a determination of the extent to which a full-time care giver to two young children must contribute financially to the support of children from a prior relationship. I conclude that no contribution is required. The certifications submitted show that plaintiff and defendant were divorced in 1988. The two children of that marriage, now ages 11 and 7 respectively, reside with plaintiff. Defendant remarried in 1989 and is the mother of a three-year old and a two-month old infant. Although there is some dispute as to defendant's employment history before the birth of the youngest children, there is no indication (other than plaintiff's unsupported assertion, the basis for which is not apparent) to contradict defendant's certification that she is, and has been since her remarriage, the full-time care giver for those children and is, accordingly, not employed in the labor market (plaintiff's assertion is not admissible since there is no basis given to show that plaintiff has personal knowledge of the facts asserted. R.1:6-6). *35 Accordingly, I assume she is, as she has sworn, not employed in the workplace.
Because defendant is not employed in the workplace, she has no present income. A strict application of the child support criteria relating to her ability to pay would therefore result in an order requiring no support. Nevertheless, in some circumstances, New Jersey has permitted the entry of a support order requiring an underemployed or unemployed parent to pay support at a level commensurate with income which could have been earned with appropriate effort. Arribi v. Arribi, 186 N.J. Super. 116, 451 A.2d 969 (Ch.Div. 1982); Lynn v. Lynn, 165 N.J. Super. 328, 398 A.2d 141 (App.Div. 1979); Mowery v. Mowery, 38 N.J. Super. 92, 118 A.2d 49 (App.Div. 1955), certif. den. 20 N.J. 307, 119 A.2d 791 (1956).
Plaintiff argues that defendant is capable of obtaining remunerative employment and, if she chooses not to do so, an appropriate level of income ought to be imputed to her in accordance with those cases. Defendant argues that to do so would unfairly inhibit her ability to care for the young children of her present marriage. In stark terms, the choice is between compelling defendant to obtain work (requiring her to entrust her children to another's care) and compelling plaintiff to forego financial assistance in raising the children of his marriage to defendant.
Although Arribi, Lynn and Mowery all permit the entry of a support obligation, there is no authority for the proposition that a support order must be entered against a noncustodial parent under all circumstances.[1] Indeed, at least one jurisdiction that has considered the issue has concluded that no such requirement exists in a factual setting similar to the one presented *36 here. State ex rel. Wilcox v. Strand, 442 N.W.2d 256 (S.D. Sup.Ct. 1989).
Whether a support obligation should be imposed upon an unemployed noncustodial parent depends upon all of the circumstances. Consideration must be given at least to the reasons for unemployment, the ages of the children involved, and the availability of assets which may be used to pay support. Obviously, as in any support case, an initial determination may be reviewed upon a change of circumstances. Here, defendant is not engaged in the job market because she is fulfilling a unique and important role in providing a nuturing environment for her extremely young children.
In this regard, it is important to note that plaintiff is not unemployed. She is employed on a full-time basis as a care giver to her young children. This employment is, however, not compensated monetarily. Moreover, plaintiff's decision to remain at home with her two-month old and three-year old sons is entitled to great deference. While the costs and benefits of such a decision to stay at home may be fairly debated, no court should overrule a parent's decision in that regard or punish the decision by the imposition of a monetary award. That decision is one which goes to the very heart of the manner in which children are raised. Interference with a parental decision of this type constitutes an impermissible intrusion into an area typically considered beyond the State's reach. Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972) ("the rights to conceive and raise one's children have been deemed `essential' ... `basic civil rights of man'...."); Parham v. J.R., 442 U.S. 584, 602-603, 99 S.Ct. 2493, 2504-05, 61 L.Ed.2d 101 (1979) (state may interfere with "parental discretion in dealing with children when their physical or mental health is jeopardized" but not otherwise). In short, employment as a mother and care giver is different in quality from voluntary unemployment. While the latter does not excuse an obligation to support children monetarily, the former does. To *37 rule otherwise would, in effect, determine that monetary contributions to children living with another is more important than providing care to children in the obligor's custody. I am not prepared to do so.
The motion is denied. Defendant's attorney should submit an appropriate order.
NOTES
[1] The language contained in Appendix IX-A(1)(a) to the effect that "A specific dollar amount should always be ordered" relates to a working (or temporarily unemployed) parent with little or no income and is inapplicable to this situation which involves a parent who is not engaged in employment in the working place.