248 N.J. Super. 572 (1991)
591 A.2d 982
WINSTON WEI, PLAINTIFF-APPELLANT,
v.
ROSEMARY NG WEI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 13, 1991.
Decided June 4, 1991.
*573 Before Judges PETRELLA and BROCHIN.
Alan M. Liebowitz argued the cause for appellant (Liebowitz & Liebowitz, attorneys; Alan M. Liebowitz, of counsel and on the brief).
Dorothy L. Wright argued the cause for respondent (Margaret Albury Morrissey, attorney, and on the brief).
The opinion of the court was delivered by PETRELLA, P.J.A.D.
Plaintiff Winston Wei appeals from the entry of an order denying his post-judgment application in a matrimonial action for reduction of alimony and support. The dual judgment of divorce, which incorporated a property settlement agreement was entered on May 1, 1989.
The parties have one daughter of the marriage who was born on October 26, 1986. Under the May 1, 1989 property settlement agreement, plaintiff former husband was required to pay the wife $2,500 per month as alimony and $1,500 a month as child support until the sale of the marital home. Upon the sale of the marital home, the agreement requires plaintiff to pay $2,000 per month as alimony and $1,500 as child support. If defendant returns to work for more than 30 hours per week before September 9, 1993 or when the child begins first grade, alimony will be reduced by $500 to $1,500 per month. When the child enters first grade or beginning September 9, 1993, whichever occurs first, plaintiff's alimony obligation ceases. We note that plaintiff essentially failed to honor the terms of the property settlement agreement almost from its inception.
*574 On December 27, 1989, defendant moved for an order enforcing litigant's rights. Plaintiff's response was a cross-motion under Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45 (1980), for relief from the alimony and support obligations of the May 1, 1989 agreement. The motion judge (the same judge who entered the dual judgment of divorce), essentially granted defendant's application and denied plaintiff's cross-motion and entered an order to this effect on March 2, 1990.
On April 27, 1990, defendant again moved for an order holding plaintiff in violation of litigant's rights since defendant had failed to comply with the terms of the March 2, 1990 order. An order was entered again to enforce litigant's rights and authorizing a warrant to be issued for plaintiff's arrest upon defendant's ex parte certification.
On May 24, 1990, plaintiff brought an order to show cause for reconsideration[1] of the May 7, 1990 order and again sought reduction of alimony and child support. This was an improper use of the order to show cause procedure, and the judge properly converted the application into a motion returnable June 8, 1990. On the return date plaintiff's application was denied.
Apparently, the arrest warrant aspect of the order has been held in abeyance pending an "ability to pay" hearing. See Mastropole v. Mastropole, 181 N.J. Super. 130, 141, 436 A.2d 955 (App.Div. 1981); Essex County Welfare Bd. v. Perkins, 133 N.J. Super. 189, 195, 336 A.2d 16 (App.Div. 1975), certif. den. 68 N.J. 161, 343 A.2d 449 (1975). As far as we can determine, no such hearing has been held to date.[2] Our determination is, thus, without prejudice to any such future "ability to pay" hearing.
*575 On this appeal, plaintiff challenges the provisions of the June 11, 1990 order which require him to continue monthly payments of $4,000 in alimony and child support, $500 towards arrearages (which total $9,596.55), as well as the denial of his requested relief. Plaintiff argues that the trial judge erred in failing to reduce his alimony and child support obligations. He also argues that the trial judge erred in failing to conduct a plenary hearing.
Plaintiff has remarried. He argues that the new obligations assumed on his remarriage should be considered as changed circumstances in support of his application for relief under Lepis. He contends that due to his remarriage his financial obligations have increased.
We have considered plaintiff's arguments in light of the record and the arguments presented and conclude that they are without merit. R. 2:11-3(e)(1)(E). In our view, plaintiff failed to make a prima facie showing that changed circumstances have substantially impaired his ability to comply with the property settlement agreement and the terms of the orders entered by the court. See Gayet v. Gayet, 92 N.J. 149, 154-155, 456 A.2d 102 (1983); Calcaterra v. Calcaterra, 206 N.J. Super. 398, 401 n. 1, 502 A.2d 1180 (App.Div. 1986); and Shaw v. Shaw, 138 N.J. Super. 436, 440, 351 A.2d 374 (App.Div. 1976). The information submitted to us indicates that plaintiff's income has increased between 1988 and 1989. If the income submitted for the period of January 1 through June 5, 1990, is pro rated, the result is also a larger gross income than 1988 income which was used as the basis for the support agreement. Thus, no genuine issue of any material fact has been asserted which would warrant a hearing.
We do not read Turner v. Turner, 158 N.J. Super. 313, 385 A.2d 1280 (Ch.Div. 1978), as being inconsistent with the result here. That case recognized the utility of rehabilitative alimony. It hardly supports the proposition that a second marriage by the party who has assumed the obligation to pay alimony and *576 support under a property settlement agreement or a court order may be excused in whole or in part from those obligations by remarrying and voluntarily assuming additional obligations which may in part conflict with his undertaking in the divorce proceedings. Testut v. Testut, 34 N.J. Super. 95, 100, 111 A.2d 513 (App.Div. 1955); Coumans v. Albaugh, 36 N.J. Super. 308, 311, 115 A.2d 641 (Cty.Ct. 1955). Nothing in either Lepis or Turner has cast any doubt on the incisive reasoning of then Judge (later Justice) Francis in Testut:
Upon divorce the wife and dependent children are entitled to be maintained on the same social and economic plane as they enjoyed during the life of the marriage, unless the husband's subsequent financial condition through circumstances over which he has no control renders this inequitable. For purposes of consideration of the ex-husband's capacity to maintain them, he should be treated as if he were simply living in a state of separation from his family. The obligation to support that family is paramount and the extent of the obligation measured in dollars is not to be limited or qualified by his remarriage. If it appears that his financial status is such that he can maintain his first family as its members were maintained prior to the divorce, the fact that a second marriage makes it burdensome or inconvenient to do so or occasions a deprivation of some desired luxuries or conveniences, or makes it difficult or impossible to live in the second marriage in the style and on the scale that his income would permit if the primary duty did not exist, provides no basis for reducing outstanding support orders; nor does it stand in the way of an increase thereof if the changed circumstances of the first wife make this equitable. [Citations omitted]. [34 N.J. Super. at 100, 111 A.2d 513].
It has long been an equitable principle or maxim that a person must be just before he is generous. See Merchants' & Miners' Transp. Co. v. Borland, 53 N.J. Eq. 282, 287, 31 A. 272 (Ch. 1895); see also Collopy v. Newark Eye and Ear Infirmary, 27 N.J. 29, 40, 141 A.2d 276 (1958); In re Estate of Kovalyshyn, 136 N.J. Super. 40, 52, 343 A.2d 852 (Cty.Ct. 1975). This principle applies analogously in the post-judgment matrimonial setting presented to us.
Affirmed.
NOTES
[1] We note the undue proliferation of reconsideration applications.
[2] The appeal may thus be interlocutory. In any event, we address the appeal on the merits.