254 N.J. Super. 328 (1992)
603 A.2d 531
MICHAEL J. BENCIVENGA, PLAINTIFF-APPELLANT,
v.
CONNIE L. BENCIVENGA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 3, 1992.
Decided February 27, 1992.
*330 Before Judges PETRELLA, R.S. COHEN and KESTIN.
Gary Lesser, attorney for appellant.
Kron & Correale, attorneys for respondent (Larry I. Kron on the letter brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
The parties were married in 1980, had two daughters, and separated in 1984. The children have lived with plaintiff Michael J. Bencivenga since then, subject to visitation with defendant Connie L. Bencivenga. The 1985 dual divorce judgment did not require defendant to provide any support for her children. The parties consented to an order for joint custody, with plaintiff having physical custody, and defendant having visitation rights. In 1989, defendant remarried and she now has two young children of that marriage. She cares for them at home and is not otherwise employed.
In 1990, defendant moved for change of custody, a probation department investigation regarding that issue, or, in the alternative, increased visitation. Plaintiff cross-moved for an order requiring defendant to contribute to the children's support because of a change in circumstances. He alleged that living expenses had significantly risen for him and the children, and that defendant had the obligation to shoulder some of the burden. The Family Part judge denied the cross-motion, and plaintiff appealed. Defendant's custody and visitation motion has taken an independent course and is not before us.
The judge did not issue an oral or written opinion explaining his denial of plaintiff's motion. He did write on the order form submitted by counsel the following:
This post judgment application does not show a clear and convincing change in plaintiff's circumstances required in Lepis v. Do. [sic], 83 N.J. 139 [416 A.2d 45] (1980). This motion is five years late. There are no provisions in Judgment of divorce or prior orders. Defendant now has two infants, 2 years and 3 months. She cannot be required to be reemployed at this time.
*331 These are not sound reasons to deny plaintiff's application. First, Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45 (1980), does not require a clear and convincing threshold showing of a change of circumstances. Indeed, it does not initially require even a showing by a preponderance of the evidence. Instead, it requires a party seeking modification of child support to make a prima facie showing that modification is in the best interests of the child, that is, "that the child's needs have increased to an extent for which the original arrangement does not provide." Id. at 157, 416 A.2d 45. Then, appropriate discovery of the other parent's financial condition is justified and, eventually, a plenary hearing may be necessary if material facts are clearly shown to be in dispute. Id. at 158-59, 416 A.2d 45.
We are not sure what the judge meant by "This motion is 5 years late. There are no provisions in Judgment of divorce or prior orders." If he meant that it is now too late to make the application, or that changes in circumstances, especially the needs of the children, after five years do not count, then we disagree. There is no time limit for this kind of application, and the fact that the need for it arose after some years of stability is of no consequence.
The judge also wrote that "defendant now has two infants 2 years and 3 months. She cannot be required to be reemployed at this time." We consider that conclusion to be premature. A parent who voluntarily leaves the world of gainful employment, for however good a reason, does not thereby foreclose inquiry into the need for child support and the responsibility of that parent to supply it. The fact that no court will actually order defendant to go to work does not mean that it cannot impute income to her, Aronson v. Aronson, 245 N.J. Super. 354, 361, 585 A.2d 956 (App.Div. 1991); Arribi v. Arribi, 186 N.J. Super. 116, 118, 451 A.2d 969 (Ch.Div. 1982), and impose a fair obligation to care for her first two children like her obligations to her second two. The existence and extent of that obligation depends upon a thorough examination of all of the circumstances of the parties and the children, *332 including their assets, earning capacity, child care alternatives, and opportunities to pursue part-time employment. We do not approve of the per se approach of Thomas v. Thomas, 248 N.J. Super. 33, 589 A.2d 1372 (Ch.Div. 1991), holding that the parent's decision to leave gainful employment to care for the children of a second marriage suspends any duty to care for the children of the first.
We take no position on the vexing question of the relevance of second-family resources. Cf. Wei v. Wei, 248 N.J. Super. 572, 591 A.2d 982 (App.Div. 1991). Clearly, defendant's second husband has no duty to support the children of her first marriage. On the other hand, it may be that a mother's decision to stay home with her new children is made possible by the ample income or resources of her new husband. It seems odd that the benefits of her decision to devote a share of the current family resources to her second family's care could work so much to the disadvantage of her first children. We do not hint that we think this is the case here. We merely point out that such facts should, where present and pertinent, be considered, and might be sufficient to affect the outcome of a custodial parent's effort to secure an order for support.
Reversed, and remanded for proceedings consistent herewith.