**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2632-23

GODSWILL OLETU,

    Plaintiff-Appellant,

v.

TINA OLETU,

    Defendant-Respondent.

_____

Submitted February 24, 2025 – Decided March 14, 2025

Before Judges Berdote Byrne and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0647-22.

Godswill Oletu, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

    Plaintiff Godswill Oletu appeals from a denial of his motion to terminate or modify alimony and modify child support based on job loss and consequent

income reduction. For reasons that follow, we vacate the motion court's ruling regarding alimony and child support and remand for a plenary hearing.

I.

The parties to this post-judgment action were married from 2002 to 2020. Two children were born of the marriage, now aged seventeen and nineteen. Terms of the Property Settlement Agreement (PSA) incorporated in the dual judgment of divorce, finalized in December 2022, provided alimony and child support would be fixed based on annual income of $190,000 as to plaintiff/husband and $72,000 as to defendant/wife. Upon post-judgment sale of the marital residence, defendant was to receive $2,167 per month in alimony for a period of fourteen years, approximately 22% of the difference between the parties' incomes. The PSA further provided for $371 per month in child support. Unreimbursed child-related expenses were allocated pro rata, 55% to plaintiff and 45% to defendant.

In November 2023, plaintiff moved for termination or, in the alternative, reduction of alimony and child support, and unreimbursed child-related expenses. Plaintiff's application rested on the involuntary termination of his former employment and consequent reduction in income experienced in June 2023. Plaintiff certified that despite diligent efforts, he was unable to secure

substitute employment with an equal income level. With his new employment, plaintiff's gross annual income became $146,560, down from $190,000 on the date of divorce. Defendant nominally opposed plaintiff's application, but because her opposition was not submitted in the form of certification or affidavit, it was not substantively considered by the motion court. R. 1:6-2.

In April 2024, the motion court denied plaintiff's application without prejudice, finding his reduction of income constituted a temporary change in circumstances and as such, did not warrant modification of alimony or child support. Lepis v. Lepis, 83 N.J. 139 (1980).

Concerning alimony, after noting the disparity in the parties' respective annual incomes, the court found the change in circumstances was temporary and the length of time plaintiff had been underemployed to be insufficient to establish a prima facie case of changed circumstances.

Beyond these findings and conclusions regarding alimony, the motion court also addressed child support, which had been calculated pursuant to the Child Support Guidelines. R. 5:6A. The motion court cited case law holding that "the potential earning capacity of an individual and not what the individual's actual income is [controls] the amount a supporting party must pay." Halliwell v. Halliwell, 326 N.J. Super. 442, 448 (App. Div. 1999) (citing Mowery v.

Mowery, 38 N.J. Super. 92, 102 (App. Div. 1955)). Next, the court cited case law for the proposition that "'[t]here is . . . no brightline by which to measure' what constitutes an adequate amount of time for an obligor to spend on that effort in order 'to warrant a modification of the support.'" Larbig v. Larbig, 384 N.J. Super, 17, 23 (App. Div. 2007). Each case will rest on its particular facts and on the 'discretionary determinations of the Family Part judges.'" Ibid.

With this background, the court made its ruling:

> In this matter, [p]laintiff was involuntarily terminated from employment with AT&T. Plaintiff provided the [c]ourt with nearly twenty (20) supplemental exhibits as evidence of his meaningful effort to obtain employment. Plaintiff did obtain gainful employment approximately three (3) months after his termination which establishes that said termination was temporary and that the [p]laintiff acted in good faith to find new employment. Plaintiff's previous case information statement indicates a previous annual gross income of $190,087 in 2021, $196,527 in 2022, and $127,892 from January 2023 until October 2023. Although the difference in [p]laintiff's current income of "about $146,560 . . ." and past income is nearly $50,000; the [c]ourt does not look at the [p]laintiff's current earnings, but rather the [c]ourt looks to what the [p]laintiff is capable of earning. Given how quickly the [p]laintiff garnered new employment at a substantial, if not equal, salary the [c]ourt finds the movant has failed to establish his reduction in income is permanent.

On appeal, plaintiff argues the trial court erred by failing to evaluate the parties' respective previous and current financial circumstances and by failing

4

to find plaintiff had made a prima facie showing of changed circumstances, warranting modification or a plenary hearing. Plaintiff also observed that the trial court did not explicitly evaluate the factors set forth in N.J.S.A. 2A:34-23(k), the statutory framework governing modification of alimony orders since its enactment as part of alimony reform in 2014.

## II.

Our court reviews the interpretation of a matrimonial settlement agreement de novo. Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020). By contrast, we are bound by a trial judge's factual findings if they are "supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 412 (1998). Reversal is appropriate only if the findings are "so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974). Similarly, we review a trial court's ruling on a modification or termination of alimony under a deferential standard. Cardali v. Cardali, 255 N.J. 85, 107 (2023). We also recognize the Family Part's "special jurisdiction and expertise in family matters." Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016).

A-2632-23

"Alimony is an 'economic right that arises out of the marital relationship and provides the dependent spouse with "a level of support and standard of living generally commensurate with the quality of economic life that existed during the marriage.'" Quinn v. Quinn, 225 N.J. 34, 48 (2016) (quoting Mani v. Mani, 183 N.J. 70, 80 (2005)). "Parties to a divorce action may enter into voluntary agreements governing the amount, terms, and duration of alimony, and such agreements are subject to judicial supervision and enforcement." Ibid. "Agreements between separated spouses executed voluntarily and understandingly for the purpose of settling the issue of [alimony and child support] are specifically enforceable, but only to the extent that they are just and equitable." Berkowitz v. Berkowitz, 55 N.J. 564, 569 (1970).

A "trial court has the discretion to modify the agreement upon a showing of changed circumstances." Quinn, 225 N.J. at 49 (quoting Berkowitz, 55 N.J. at 569). When a party moves for a reduction in alimony, the court must first determine whether the moving party has made a prima facie showing of changed circumstances, R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014), which can include "an increase in the cost of living, an increase or decrease in the income of the supporting or supported spouse, cohabitation of the dependent spouse, illness or disability arising after the entry of the judgment, and changes

6

in federal tax law." J.B. v. W.B., 215 N.J. 305, 327 (2013). The party seeking modification has the burden of proving a change in circumstances warranting relief from the support or maintenance obligations. Lepis, 83 N.J. at 157.

Here, the terms of the PSA pertaining to alimony provide for a fourteen-year alimony term. The PSA reads, "[t]he parties also understand that alimony may be subject to modification and/or termination based upon a change of circumstance in accordance with New Jersey law." Applications to modify — or, by logical extension, terminate — alimony are governed, in part, by N.J.S.A. 2A:34-23(k), which provides:

> When a non-self-employed party seeks modification of alimony, the court shall consider the following factors:
>
> (1) The reasons for any loss of income;
>
> (2) Under circumstances where there has been a loss of employment, the obligor's documented efforts to obtain replacement employment or to pursue an alternative occupation;
>
> (3) Under circumstances where there has been a loss of employment, whether the obligor is making a good faith effort to find remunerative employment at any level and in any field;
>
> (4) The income of the obligee; the obligee's circumstances; and the obligee's reasonable efforts to obtain employment in

7

view of those circumstances and existing opportunities;

(5) The impact of the parties' health on their ability to obtain employment;

(6) Any severance compensation or award made in connection with any loss of employment;

(7) Any changes in the respective financial circumstances of the parties that have occurred since the date of the order from which modification is sought;

(8) The reasons for any change in either party's financial circumstances since the date of the order from which modification is sought, including, but not limited to, assessment of the extent to which either party's financial circumstances at the time of the application are attributable to enhanced earnings or financial benefits received from any source since the date of the order;

(9) Whether a temporary remedy should be fashioned to provide adjustment of the support award from which modification is sought, and the terms of any such adjustment, pending continuing employment investigations by the unemployed spouse or partner; and

A-2632-23

(10) Any other factor the court deems relevant to fairly and equitably decide the application.

[N.J.S.A. 2A:34-23(k).]

"When parties seek to modify an alimony award, they must 'demonstrate that changed circumstances have substantially impaired the ability to support [themselves].'" D.M.C. v. K.H.G., 471 N.J. Super. 10, 32 (App. Div. 2022) (alteration in original) (quoting Lepis, 83 N.J. at 157). Also, in assessing whether to modify an agreement because of changed circumstances, the "proper criteria are whether the change in circumstance[s] is continuing and whether the agreement or decree has made explicit provision for the change.'" Quinn, 255 N.J. at 49 (quoting Lepis, 83 N.J. at 152). Moreover, "a decrease [of an alimony obligation] is called for when circumstances render all or a portion of support received unnecessary for maintaining that standard." Lepis, 83 N.J. at 153.

In determining nine months was not a sufficient length of time to deem the change in income "permanent," the motion court did not abuse its discretion in declining to modify defendant's alimony obligation without explicit reference to N.J.S.A. 2A:34-23(k). The motion court's articulated reasons, not all of which were recorded herein verbatim but are in the record, encompassed factors in subsections 2, 3, 4, 6, 7, 8, and 10.

The motion court's assessment of alimony was also in keeping with the heightened standard articulated in N.J.S.A. 2A:34-23(c), which provides:

> An award of alimony for a limited duration may be modified based either upon changed circumstances, or upon the nonoccurrence of circumstances that the court found would occur at the time of the award. The court may modify the amount of such an award, but shall not modify the length of the term except in unusual circumstances.

Defendant's temporary loss of employment and current lower earning rate does not constitute a changed, exceptional, or unusual circumstance as provided in the statute or our case law. Beyond this, there is nothing in the record to demonstrate why defendant cannot obtain a second job to compensate for the $45,000 shortfall until he secures income comparable to that earned at the time of divorce. However, the motion court did not make a finding as to whether plaintiff's efforts to find new employment amounted to voluntary underemployment. For this reason, we are constrained to remand this matter for a plenary hearing to determine this question and whether the court should impute income at plaintiff's prior higher salary, or whether to temporarily modify alimony.

By contrast, child support is nearly always modifiable. <u>Chalmers v. Chalmers</u>, 65 N.J. 186, 192 (1974) ("an order for support only operates In

10

praesenti and is always subject to review on a showing of changed circumstances.")  "There is no time limit for this kind of application," neither legal nor equitable.  Bencivenga v. Bencivenga, 254 N.J. Super. 328, 331 (App. Div. 1992).  A party seeking relief of a downward adjustment in child support cannot be summarily denied in the absence of a finding that the obligor is voluntarily underemployed.  Dorfman v. Dorfman, 315 N.J. Super. 511, 517 (App. Div. 1992).

Here, plaintiff was involuntarily terminated from his employment with AT&T and made meaningful efforts to obtain employment as evidenced by nearly twenty exhibits demonstrating same.  Plaintiff did obtain gainful employment nearly three months after his termination, but at a lower wage. However, as stated, because there is no specific finding as to whether this diminution of income constitutes voluntary underemployment, we remand the matter for a plenary hearing on the limited issue of whether plaintiff was voluntarily underemployed.  The court's determination will inform plaintiff's income to be utilized for recalculation of child support and unreimbursed child-related expenses.

To the extent we have not addressed them, any remaining points on appeal lack sufficient merit to warrant discussion.  R. 2:11-3(e)(1)(E).

The support levels previously ordered shall remain in effect, without prejudice, pending completion of the remand.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division