**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0380-23

DELLA M. MARKFERDING,

    Plaintiff-Respondent,

v.

DAVID LEE MARKFERDING,

    Defendant-Appellant.

_____

Submitted October 17, 2024 – Decided November 22, 2024

Before Judges Currier and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-0754-13.

Ashley R. Elem (Elem Law), attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

    Defendant, David L. Markferding, appeals an August 21, 2023 order granting plaintiff Della M. Markferding's cross-motion for an upward

modification of child support, imputing income to defendant in the amount of $125,000 annually. Although we discern no abuse of discretion in the motion court's decision to impute income to defendant who repeatedly failed to submit necessary financial information, the court failed to make findings of fact and conclusions of law establishing the basis for the specific amount it imputed. Accordingly, we vacate the order and remand for further proceedings in accordance with this opinion.

I.

We briefly summarize the factual background and procedural history pertinent to this appeal. Married in August 1996, the parties were divorced in December 2013 after entering into a Marital Settlement Agreement (MSA) in late 2011 that addressed child support for their two young children. The MSA provided that defendant pay $700 monthly in child support and the parties split the cost of private school tuition and college related costs equally. The MSA further stated, "[a]lthough [defendant] anticipates that he will be able to split the[] college costs on a fifty/fifty (50/50) basis, he will be sixty-seven (67) years of age when the oldest child enters college, and may not be financially able to do so."

A-0380-23

In late 2022, defendant filed a motion seeking various remedies regarding parenting time. Plaintiff filed a cross-motion seeking an upward modification of child support, alleging a significant change in circumstances as defendant no longer shared any parenting time and the oldest child was in college.[1]

After the court initially denied plaintiff's motion for increased child support, plaintiff sought reconsideration arguing, in pertinent part, that the oldest child's enrollment in college, including the associated cost of residential housing, was a significant change in circumstances. Plaintiff further argued that the last child support order in August 2019 factored in defendant's parenting time and social security derivative benefits received for the children, but defendant no longer exercised any parenting time and the two children aged out of eligibility for derivative benefits. Importantly, plaintiff acknowledged having no "specifics of [d]efendant's income or holdings . . . [but] believe[d] that his finances are beyond what he has represented in the past."

On March 10, 2023, the motion court granted plaintiff's cross-motion finding changed circumstances warranted recalculation of child support and

---

[1] Plaintiff also sought child support arrears and reimbursement for various expenses including extracurricular activities and medical expenses. The trial court denied the request for arrears and granted the request for certain unreimbursed expenses.

A-0380-23

ordered defendant to file an updated Case Information Statement (CIS) within fourteen days of that court order.

Defendant then repeatedly failed to provide court-ordered information, hampering the court's ability to calculate child support. Defendant, a roofer by trade, claimed without documentation that his health was declining, impeding his ability to work. Defendant did not provide a CIS until April 11, 2023, which the court deemed "materially incomplete" as it was devoid of information regarding defendant's income and incomplete as to expenses. The motion court ordered defendant to "file and serve a complete, updated [CIS]" no later than May 12, 2023. The second CIS did not comply with the court's order and did not contain the required income information. The record reflects the motion court granted defendant several adjournments of hearing dates and extensions to provide the required financial information.

In a July 28, 2023 order, the court stated there would be no further extensions for any reason and "[i]f defendant fail[ed] to comply, then the [c]ourt [would] proceed to impute income at the requested amount of $125,000[]."

Plaintiff's motion certifications and CIS listed defendant's income as $125,000, without disclosing the basis for that amount. Having earlier conceded

A-0380-23

she had no information regarding defendant's income sources or amount, plaintiff's certification provided only the following:

> In the interest of moving forward and securing appropriate child support for our children—I ask that he be imputed [income] in the amount of $125,000[] at this time. Frankly, I suspect that upon proper disclosures and if I were really able to review what [d]efendant is doing, I would actually find that he has an even greater ability to pay.
>
> My attorney has prepared updated Child Support Guidelines which are annexed hereto as Exhibit "C." My [W]-2 income of $64,920[] was utilized and $125,000[] was utilized for [d]efendant.
>
> [(boldface omitted).]

Both parties submitted supplemental certifications. Plaintiff certified that the only additional information she received from defendant was an email attaching a partial business tax return for 2021 without confirmation that returns for 2020 and 2021 were filed. Defendant again asserted that his child support obligation should be reduced rather than increased as he had been estranged from his children for several years. Admitting he failed to file his tax returns for 2020 through 2021, defendant certified he "believe[d] [the tax returns and schedules from 2020 through 2022 had] been filed or [were] expected to be filed shortly." He further certified that "[d]ue to the impact of the pandemic, [he] . . . [sold] business assets in order to maintain [his] financial stability," and

5

that "a significant portion of [his social security] benefits [was] allocated toward child support."[2] Defendant did not provide any documentation to support his assertions.

Defendant requested another adjournment to allow him time to submit the required financial documents because "[d]espite [his] best efforts, certain documents that [were] not in [his] possession or control that [he] must obtain from the [small business administration could] not be provided within the original [fourteen]-day timeframe." On August 18, 2023, the motion court denied defendant's adjournment request and granted plaintiff's application for an upward modification in child support, imputing income to defendant in the amount of $125,000 per year.[3]

The order reflected the history of extensions granted to allow defendant to provide information and noted "the paucity of content to many of the claims made by defendant . . . [was] plainly unacceptable." The court found defendant failed to address the concerns set forth in the prior order regarding the

---

[2] Defendant's CIS reflected his status as retired and his unfiled tax returns listed annual social security in the amount of $9,800 in 2021 and $9,372 in 2022.

[3] On August 21, 2023, the trial court amended its August 18, 2023 order, correcting the effective date of the upward modification of child support to December 29, 2022.

deficiencies and factual disputes as to his income. The court determined "the continued delay, for over five months, caused directly [by] defendant's failure to comply with the unambiguous requirements under well-settled New Jersey law regarding the filing of certain documents as they relate to child support, including a coherent and complete CIS and his current tax returns" prejudice the children who benefit from the child support.

The order referred to plaintiff's proposed application of the guidelines and stated:

> [T]he [c]ourt is imputing income to . . . defendant in the amount of $125,000. Based on . . . plaintiff's W-2 income, crediting defendant with the $563[] received as a derivative benefit, the [c]ourt hereby sets defendant's child support obligation at $207 per week, or $897 per month.

Defendant appeals from this order.

## II.

Defendant raises as his sole issue on appeal that "it was an abuse of discretion for the court to impute income" to him without conducting any factual or legal analysis. Defendant specifically argues "the [c]ourt imputed income to . . . defendant as a form of punishment without taking into account the defendant's age, health, and declining earning capacity." He contends we must reverse and remand to the family court "for a plenary hearing on the issue of

7

modification of child support and the imputation of income to [d]efendant, if any." Plaintiff did not file a brief in response.

"[O]ur review of the Family Part's determinations regarding child support is limited." Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016). "When reviewing decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion." J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)). The decision "will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." Id. at 326 (quoting Jacoby, 427 N.J. Super. at 116).

We employ particularly high deference to "the Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)); see also Dever v. Howell, 456 N.J. Super. 300, 309 (App. Div. 2018).

"The fairness of a child support award resulting from the application of [the child support] guidelines is dependent on the accurate determination of a

parent's net income." Child Support Guidelines, Pressler & Verniero, <u>Current N.J. Court Rules</u>, Appendix IX-A to <u>R.</u> 5:6, ¶ 12, www.gannlaw.com (2025).

Income may be imputed based on an inability to calculate an obligor's actual earnings, such as when the obligor fails to prepare a case information or financial statement as required pursuant to <u>Rule</u> 5:5-2. <u>See</u> <u>Tash v. Tash</u>, 353 N.J. Super. 94, 99 (App. Div. 2002) (rejecting the defendant's argument that the court imputed too much income when the defendant failed to provide adequate financial information, and holding "[b]oth the guidelines and the case law of this State explicitly permit the imputation of income where earnings cannot be determined" (citing Pressler & Verniero, <u>Current N.J. Court Rules</u>, Appendix IX-A, "Considerations In Use Of Child Support Guidelines," (2002))); <u>see also</u> <u>Bencivenga v. Bencivenga</u>, 254 N.J. Super. 328, 331-32 (App. Div. 1992). Whether to impute income is a question of fact and left to the trial court's sound discretion. <u>See</u> <u>Tash</u>, 353 N.J. Super. at 99.

Here, we discern no abuse of discretion in the trial court's threshold decision to impute income to defendant. The record amply demonstrates the court's continuous efforts to obtain necessary financial information from defendant in order to recalculate child support. The court granted extensions and adjournments to allow defendant to comply with the court's orders to

provide income verification, tax returns, and a complete CIS. After defendant failed to do so for many months, the court reasonably determined it should impute income based on defendant's non-compliance.

We turn next to the court's imputing, without a hearing, $125,000 of income to defendant. Defendant argues "the imputation of income to . . . [d]efendant is unrealistic given his age of [sixty-nine], reliance on social security, and deteriorating health." Defendant further contends that the motion court "overlooked the fact that, as a roofer, [d]efendant shouldn't be expected to have an increased earning capacity at [sixty-nine] years old," nor did the motion court "discuss[] the nature of [d]efendant's business and why it thought he could still earn $125,000 annually at [sixty-nine] years old."

The child support guidelines instruct courts to consider the following factors when establishing the amount of imputed income: (1) "the employment status and earning capacity of th[e] parent . . . if the family had remained intact"; (2) "the reason for and intent behind the voluntary underemployment"; (3) "the availability of other assets . . . to pay support"; and (4) the children's ages. Caplan, 182 N.J. 250, 265 (2005) (quoting Child Support Guidelines, Pressler & Verniero, Current N.J Court Rules, Appendix IX-A to R. 5:6A, ¶ 1 at 2516-17 (2025)). The court must base the amount of imputed income on the obligor's

realistic ability to earn, as opposed to a theoretical ability to earn. See Ibrahim v. Aziz, 402 N.J. Super. 205, 213 (App. Div. 2008) (citing Storey v. Storey, 373 N.J. Super. 464, 474 (App. Div. 2004)); see also Lall v. Shivani, 448 N.J. Super. 38, 50-51 (App. Div. 2016) (affirming imputation of income at the obligor's last documented salary).

If potential earnings cannot be determined, imputed income may be based on information from the New Jersey Department of Labor or, as a last resort, New Jersey's minimum wage. See Colca v. Anson, 413 N.J. Super. 405, 417 (App. Div. 2010) (holding that the court properly imputed income based on wage compendium where the plaintiff failed to provide a CIS or other proof of income); Gilligan v. Gilligan, 428 N.J. Super. 69, 82 (Ch. Div. 2012) (noting that when information regarding a parent's prior earnings is unavailable, "a court may at the very least impute income based upon minimum wage"). Whatever the chosen methodology, "[t]he [c]ourt shall develop a factual basis, memorializing its decision, in writing or on the record, as to whether to impute income to a parent and, if so, the amount, using appropriate State statutes, procedures, case law, and legal processes in establishing and modifying support obligations." Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A, "Considerations in Use of Child Support Guidelines"; see also Loro v. Colliano,

354 N.J. Super. 212, 220 (App. Div. 2002) (instructing "the litigants, counsel and this court, in the event of review, are entitled to clearly delineated and specific findings addressing the statutory factors relevant to any award or modification of child support").

Applying these well-settled legal principles to the scant record and conclusory order before us, we cannot identify the facts or law the court relied upon in imputing $125,000 in income to defendant and are, thus, unable to conclude the amount was not arbitrary.[4]

We appreciate the motion court's frustration with defendant's noncompliance with its orders. Although we do not fault its decision to impute income to defendant, we cannot overlook the absence of any statement of reasons for the imputed income amount. See Tash, 353 N.J. Super. at 99 (affirming imputed income amount when the defendant failed to provide financial information, but the court "examine[d] the defendant's health and work abilities and realistically impute[d] income").

We recognize that plenary hearings are not required on every motion seeking modification of child support, but hearings are appropriate when the

---

[4] With no brief from plaintiff and oral arguments waived, we are relegated to consideration of the record as presented by defendant.

record "clearly demonstrate[s] the existence of a genuine issue as to a material fact." Lepis v. Lepis, 83 N.J. 139, 159 (1980) (citing Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976)). Here, the motion court clearly found disputed material facts existed as it granted plaintiff's request for limited discovery to determine defendant's income and accuracy of his CIS, but ultimately calculated and imputed income to defendant without a hearing. Accordingly, in the absence of financial information in the record or sufficient findings by the court, we are unable to properly review the court's decision.

Thus, we are constrained to vacate the portion of the court's order imputing income to defendant in the amount of $125,000 annually and setting defendant's support obligation at $897 per month. On remand, the court shall consider additional evidence as may be required and conduct hearings it deems appropriate to obtain the necessary data to determine the appropriate imputation of income and make the necessary findings of fact and conclusions of law to establish the basis for the imputed income.

Vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-0380-23